**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Harold T Ocker,<br><br>        Appellant,<br><br>v.<br><br>Elizabeth Ocker,<br><br>        Appellee. | No. CV-25-04149-PHX-KML<br>     CV-25-04259-PHX-KML<br><br>**ORDER** |

In November 2025, appellant Harold T. Ocker filed two notices of appeal related to a bankruptcy proceeding. On December 5, 2025, the court ordered the parties to file in the second appeal statements explaining whether the two appeals should be consolidated. CV-25-4259, Doc. 5. Harold's statement was due December 15, 2025, but he did not file anything. Instead, on December 17, 2025, Harold sent an email to chambers that included two documents, one of which indicated Harold was experiencing difficulties in filing documents. On December 22, 2025, appellee Elizabeth Ocker filed a statement arguing the two appeals "are duplicative as they both appeal the same order." CV-25-4259, Doc. 7 at 1. Thus, "rather than consolidating the two appeals," Elizabeth believes the court "should dismiss the second appeal." CV-25-4259, Doc. 7 at 1. On December 28, 2025, Ocker sent two additional emails to chambers that appear to be attempts to file documents. Finally, on January 5, 2026, the bankruptcy court filed the certificate of readiness in CV-25-4259. CV-25-4259, Doc. 8.

        Beginning with Harold's emails, the chambers' email address may be used only for

the submission of proposed orders. A party may not send any other type of document or communication to that address. Sending documents to that address does not result in the documents being filed and the court will only consider documents that have been properly filed. Although Harold is proceeding without counsel, he is reminded that he "must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012). Harold must arrange for the proper filing of all documents.

As for Elizabeth's argument that the two appeals are duplicative, that is correct.[1] The bankruptcy court held a hearing on November 4, 2025. At that hearing, the bankruptcy judge discussed Ocker's "Amended Objection to Joint Motion to Approve Settlement Agreement." CV-25-4259, Doc. 7-1 at 2. The court construed that objection as a "Motion for Relief from Judgment or Order under Bankruptcy Rule 9024." CV-25-4259, Doc. 7-1 at 2. The bankruptcy court heard arguments from the parties and denied that motion on the record. Also on November 4, 2025, the court issued a written ruling that provided additional explanation for denying Ocker's motion. CV-25-4259, Doc. 7-1. The following day, November 5, 2025, the bankruptcy court signed and docketed the minute entry discussing the November 4 hearing. Bankruptcy Case No. 24-1131-PS, Doc. 219. Ocker filed two notices of appeal. The first purports to appeal from the November 4 order and was docketed under case number CV-25-4149, the second purports to appeal from the November 5 minute entry and was docketed under case number CV-25-4259. But both appeals seek review of the denial of Harold's Motion for Relief from Judgment and one appeal must be dismissed.

The certificate of readiness was filed in CV-25-4259 but no certificate has been filed

---

[1] According to Elizabeth, both notices of appeal identify the relevant order as one issued on November 4, 2025. CV-25-4259, Doc. 7 at 2. That is not entirely accurate. The first notice of appeal states Harold "appeals from the Order entered November 4, 2025, denying his Amended Objection (treated as a Rule 9024 motion) and any subsequent orders related thereto." CV-25-4149-PHX-KML, Doc. 1 at 5. The second notice of appeal states Ocker appeals "from the Order entered on November 5, 2025 (Docket No. 219), by the Honorable Paul Sala, denying Debtor's Motion under Bankruptcy Rule 9019 and Federal Rule of Civil Procedure 60(b)." CV-25-4259, Doc. 1 at 5. Thus, the two notices of appeal purport to identify two different orders, one dated November 4 and one dated November 5.

in CV-25-4149. Because the two cases are duplicative and the certificate of readiness has been filed in CV-25-4259, that appeal will continue and the earlier filed appeal, CV-25-4149, is dismissed. Harold is reminded that his opening brief must be received by the Clerk's Office within 14 days of January 5, 2026.

**IT IS ORDERED** the appeal in CV-25-4149 is **DISMISSED**. All future proceedings will occur in CV-25-4259.

**IT IS FURTHER ORDERED** the Clerk of Court shall docket this order in CV-25-4149 and CV-25-4259.

Dated this 7th day of January, 2026.

*[signature: Krissa M. Lanham]*

**Honorable Krissa M. Lanham**
**United States District Judge**