**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Harold T Ocker, | No. CV-25-04259-PHX-KML |
| Appellant, | **ORDER** |
| v. | |
| Elizabeth Ocker, | |
| Appellee. | |

After multiple warnings and extensions of time, appellant Harold T. Ocker filed an untimely opening brief that does not provide any factual background nor develop any arguments explaining why he believes the bankruptcy court erred. Based on the inadequate opening brief, this appeal is dismissed.

## I.    Background

This appeal has a somewhat complicated procedural history. In November 2025, Ocker filed two notices of appeal related to a bankruptcy proceeding. The notices of appeal appeared to be from the same ruling, and the court ordered the parties to file statements explaining whether the two appeals should be consolidated. (Doc. 5.) The court also ordered Harold to file his opening briefing "within fourteen days of the date the certificate of readiness is filed on the District Court docket." (Doc. 5 at 2.) Harold's statement regarding consolidation was due December 15, 2025, but he did not file anything. Instead, on December 17, 2025, Harold sent an email to chambers that included two documents, one of which indicated Harold was experiencing difficulties in filing documents. Appellee

Elizabeth Ocker later filed a statement arguing the two appeals "are duplicative as they both appeal the same order." (Doc. 7.) Thus, "rather than consolidating the two appeals," Elizabeth argued the court "should dismiss the second appeal." (Doc. 7 at 1.) On December 28, 2025, Ocker sent two additional emails to chambers, apparently believing he could file documents by doing so.

On January 5, 2026, the bankruptcy court filed the certificate of readiness. (Doc. 8.) Two days later, the court issued an order consolidating the two appeals into the second-filed appeal. (Doc. 9.) The court also warned Harold that he was not permitted to send documents to the court via email. Rather, he was ordered to "arrange for the proper filing of all documents." (Doc. 9 at 2.) The court also informed Harold that, despite proceeding without counsel, he was expected to comply with the same rules of procedure as all other litigants. The court then reminded Harold "that his opening brief must be received by the Clerk's Office within 14 days of January 5, 2026." (Doc. 9 at 3.) No brief was filed by the deadline.

On January 22, 2026, the court issued another order that noted "[d]espite being ordered not to do so, Harold continues to send emails containing substantive information regarding his appeal to the chambers' email address." (Doc. 10 at 1.) Harold was informed again that he needed to file documents with the Clerk of Court. The order noted Harold had not filed a brief by the deadline but gave him a final opportunity to file a brief no later than January 30, 2026. The court's order closed with the following:

> This appeal cannot progress without an opening brief. Therefore, the court sets a new deadline for Harold's opening brief but no additional warnings will be given. If no opening brief is filed by the deadline, this appeal will be dismissed for failure to prosecute.

(Doc. 10 at 2.) The January 30 deadline came and went with no brief.

On February 12, 2026, appellee Elizabeth Ocker filed a motion to dismiss arguing the absence of an opening brief merited dismissal of the appeal. (Doc. 16.) Later that same day, Harold filed a response arguing dismissal was not appropriate because he had "acted in good faith while learning appellate formatting requirements." (Doc. 17 at 1.) Harold

attached his opening brief to that filing.

Harold's opening brief consists of barely more than one page and purports to "challenge[] final orders approving a settlement under Rule 9019 and denying Rule 60(b) relief." (Doc. 17 at 2.) The brief identifies four issues for review: 1) "Whether due process was satisfied"; 2) "Whether mediation irregularties undermined consent"; 3) "Whether Rule 9019 approval was proper"; and 4) "Whether Rule 60(b) relief should have been granted." The brief contains three additional sections, allegedly addressed to "due process," "Rule 9019," and "Rule 60(b)." Those sections, however, do not provide any facts or case-specific legal arguments. Instead, each one consists of two to four sentences of generic statements and citations to legal standards.

Elizabeth filed a reply in support of her motion to dismiss, claiming Harold's brief "does not remotely satisfy the requirements of Fed. R. Bankr. P. 8014 or 8015" and "is clearly AI-generated." (Doc. 18 at 3.) Harold then filed another document arguing dismissal was not appropriate. According to Harold, his appeal "presents serious, record-based issues concerning sworn testimony, procedural integrity, voluntariness of mediation, and the legal authority underlying the order being reviewed." (Doc. 19 at 2.) But as with his opening brief, Harold again failed to provide any facts, citations to the record, or meaningful legal arguments regarding these issues. Instead, he claims unidentified portions of the record "reflect[] irregularities affecting the factual basis of the court's ruling." (Doc. 19 at 2.)

## II.    Analysis

Harold's failure to file an opening brief after repeated warnings and a sua sponte extension of the deadline might alone merit dismissal. But Harold eventually filed an opening brief so, if possible, the court would prefer to resolve the appeal on its merits. Unfortunately, Harold's brief does not provide sufficient information to allow the court to do so. Dismissal of the appeal is therefore appropriate.

Federal Rule of Bankruptcy Procedure 8014(a) sets out the requirements for an appellant's brief. A brief must contain, among other things, "a concise statement of the

case setting out the facts relevant to the issues submitted for review, describing the relevant procedural history, and identifying the rulings presented for review, with appropriate references to the record." Fed. R. Bankr. P. 8014(a)(6). The brief also must contain "a summary of the argument, which must contain a succinct, clear, and accurate statement of the arguments made in the body of the brief, and which must not merely repeat the argument headings." Fed. R. Bankr. P. 8014(a)(7). And a brief must set out "the argument, which must contain the appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. Bankr. P. 8014(a)(8). Harold's opening brief does not meet any of these requirements.

Harold's brief contains no procedural history or factual background explaining the basis for his appeal. In fact, the brief contains no citations to the record whatsoever. It does identify four "issues" Harold wishes to have reviewed, but those issues are not supported by a meaningful summary or elaboration of any arguments, or facts from Harold's case relevant to any of them. The brief effectively asks the court to review the bankruptcy record, identify the issues Harold wishes to appeal, and develop arguments on Harold's behalf. In other words, Harold "essentially tossed this bankruptcy case in [the court's] lap[], leaving it to [the court] to figure out the relevant facts and law." *In re O'Brien*, 312 F.3d 1135, 1137 (9th Cir. 2002). The court cannot do so. *Id.*

The court "review[s] only issues which are argued specifically and distinctly in a party's opening brief." *Greenwood v. F.A.A.*, 28 F.3d 971, 977 (9th Cir. 1994). The court "will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim." *Id.* The fact that Harold is proceeding without counsel does not merit a different result. "[P]*ro se* litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record." *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986); *see also In re Kleidman*, No. 22-55381, 2023 WL 6875313, at *1 (9th Cir. Oct. 18, 2023) (affirming dismissal of pro se bankruptcy appeal "on the ground that none of the issues . . . were properly raised before the district court"). The opening brief does not adequately present any issue "to enable informed review" so "there is little choice but to

affirm or dismiss." *In re Kyle*, 317 B.R. 390, 393 (B.A.P. 9th Cir. 2004) (simplified).

Harold received multiple warnings to file an appropriate brief, and he ignored multiple deadlines. When Harold eventually filed his opening brief, it did not present sufficient facts or arguments to enable the district court to review the bankruptcy court's decision. Having ignored the rules and explicit court warnings, there is no indication Harold would be able to timely file a compliant opening brief even if afforded another opportunity. In these circumstances, dismissal of the appeal is appropriate. *In re O'Brien*, 312 F.3d at 1137.

**IT IS ORDERED** the Motion to Dismiss (Doc. 16) is **DENIED**.

**IT IS FURTHER ORDERED** the Motion to Stay (Doc. 20) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** this appeal is **DISMISSED**. The Clerk of Court shall enter judgment and close this case. Any request for attorneys' fees shall be filed within fourteen days of this order.

Dated this 26th day of February, 2026.

**Honorable Krissa M. Lanham**
**United States District Judge**